RADIO CORPORATION OF AMERICA, Appellant, v. PREMIER ALBUMS, INC., et al., Respondents.

First Department, June 20, 1963.

*Denis G. McInerney* of counsel (*William Jannen, Jr.,* with him on the brief; *Cahill, Gordon, Reindel & Ohl,* attorneys), for appellant.

*Lewis Harris* of counsel (*Schwartzman, Greene & Harris,* attorneys), for respondents.

STEVENS, J.   This is an appeal from an order entered March 27, 1963 which denied plaintiff's motion for an injunction *pendente lite.*

Plaintiff (herein RCA), by virtue of a series of recording agreements with the late Thomas F. Dorsey, Jr. (herein Dorsey), obtained the exclusive right to produce and market recordings of Dorsey's orchestra.   The agreements covered and included a period from 1935 to August 17, 1950.   A letter agreement dated December 29, 1955, signed by Dorsey, individually and as president of State Amusement Corporation (herein State), warranted that State had sole ownership to all recorded performances of Dorsey and his orchestra, other than those already owned by RCA, and granted to RCA, for a valuable consideration, full and exclusive rights to manufacture and sell records of all such performances.   Frank Sinatra appeared as a featured vocalist with the Dorsey orchestra from 1939 to 1942, and that is apparently the only period that he so appeared.

On or about November 27, 1962 the defendants, Premier Albums, Inc., and Coronet Records (referred to herein as Premier), by written agreement, purchased from Jane Dorsey, the widow of Dorsey, acting individually and as president of State, certain tape recordings.   Mrs. Dorsey did not at that time know of the 1955 agreement.   Thereafter defendant produced the album in issue here.   The album, a single record, contains 10 selections, 5 of which are recordings with Sinatra as vocalist, and five are instrumentals without a vocalist.   Two of the selections are selections previously released by RCA.

There is a substantial difference in the sale price of the record produced by RCA, and that produced by defendants and, it is alleged, the records produced by defendants are of an inferior quality, and thus their sales are detrimental to and detract from RCA's unique and valuable rights in the Dorsey records.

Special Term denied a motion by RCA for a temporary injunction on the basis of an estoppel and said there was no demonstration of irreparable injury.   RCA appeals from the order denying its motion.

The documentary evidence supports RCA's claim of an exclusive right of reproduction.   The moneys expended by RCA over the years in promoting the sales of Dorsey's records, and the unity of artistry of Sinatra and Dorsey all combine to make of the right of reproduction and sale a valuable, and even a unique property right.   Such a right, in the absence of other circumstances to which reference will be made, is entitled to protection. (Cf. *Metropolitan Opera Assn.* v. *Wagner-Nichols Recorder Corp.,* 199 Misc. 786, affd. 279 App. Div. 632;

*Dior* v. *Milton,* 9 Misc 2d 425, affd. 2 A D 2d 878.) Unrestrained commercial exploitation, competitively, would result in irreparable harm to RCA and render the right of little value (cf. *De Jur-Amsco Corp.* v. *Janrus Camera,* 16 Misc 2d 772; 28 Am. Jur., Injunctions, § 26 *et seq.*).

Premier contends that RCA is estopped by its silence or inaction. " To give rise to an estoppel by silence or inaction, there must be a right and an opportunity to speak and, in addition, an obligation or duty to do so " (21 N. Y. Jur., Estoppel, § 32 *et seq.*). RCA knew nothing of Premier's dealings with State or Mrs. Dorsey. Moreover, RCA did not have title to the tapes or master records which were owned by State, it merely had a right to exclusive re-recording of such records or tapes. Defendants' contention that RCA should be estopped also because of inaction following the production by 20th Century-Fox of a Dorsey recording is not persuasive. Apparently RCA did enter into some negotiation with 20th Century-Fox following the appearance of 20th Century's record, for the record on appeal makes reference to a compromise reached between them. The contention of estoppel is rejected (see *Adrian* v. *Unterman,* 281 App. Div. 81, affd. 306 N. Y. 771; *Rothschild* v. *Title Guar. & Trust Co.,* 204 N. Y. 458, 461, 462).

The order appealed from should be reversed on the law, and the preliminary injunction granted. The case should be set down for an early trial. Bond is fixed in the sum of $50,000. Settle order.

BOTEIN, P. J., McNALLY, EAGER and STEUER, JJ., concur.

Order, entered on March 27, 1963, unanimously reversed on the law, with $20 costs and disbursements to appellant, and the preliminary injunction granted. The case should be set down for an early trial. Bond is fixed in the sum of $50,000. Settle order on notice.